UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH GERALDI,<br><br>            Plaintiff,<br><br>      v.<br><br>DOLLAR TREE STORE AND DOLLAR TREE STORES, INC.,<br><br>            Defendant. | Civil Action No. 20-cv-_____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§1332(a), 1441(b), and 1446, defendant Dollar Tree Stores, Inc. ("Dollar Tree"), improperly sued herein as Dollar Tree Store and Dollar Tree Stores, Inc.,[1] removes this civil action from the Richmond County Supreme Court in New York because Plaintiff and Defendant are diverse and the amount in controversy exceeds the jurisdictional minimum. As a short and plain statement of the grounds for removal, Defendant states the following:

## PLAINTIFF'S CLAIMS

1.      Plaintiff commenced this action in the Richmond County Supreme Court on March 19, 2020, by filing a Summons and Complaint, a copy of which is attached as Exhibit A.

2.      Plaintiff alleges that he was injured due to Dollar Tree's alleged negligence in failing to warn him of a potential hazard or condition. *See* Exhibit A at ¶¶ 27-36.

---

[1] Dollar Tree Stores, Inc. is the proper name of the Defendant. Dollar Tree Store is not a legally cognizable entity. *See* Exhibit D.

3. Plaintiff's Complaint did not contain a sum certain of his damages. Rather he alleged that his damages exceeded the jurisdictional limits of any other court; *i.e.* $25,000.00. *Id.* at ¶ 37.

4. Dollar Tree served its Verified Answer on May 19, 2020, a copy of which is attached as Exhibit B.

5. Dollar Tree served its Discovery Demands on May 19, 2020. Pursuant to C.P.L.R. 3017, Dollar Tree demanded the total damages to which Plaintiff deems himself entitled.

6. On December 1, 2020, Plaintiff served a Verified Bill of Particulars and alleged special damages for medical bills amounting to the sum of at least $190,000 and continuing. He made a demand of damages of $10,000,000 in response to Dollar Tree's Demand for a Statement of Damages. Copies of Plaintiff's Verified Bill of Particulars and Response to Combined Demands are attached hereto as Exhibit C.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

7. This Court has diversity jurisdiction over this action under 28 U.S.C. §1332(a), which provides, in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

### CITIZENSHIP

8. According to the allegations in its Complaint, Plaintiff is a resident of the County of Richmond, State of New York. *See* Exhibit A at ¶ 1.

9. Dollar Tree Stores, Inc. is a Virginia corporation with a principal place of business in Virginia. *See* Dollar Tree registration details with the Commonwealth of Virginia's State Corporation Commission, which is attached as Exhibit D. As such, Dollar Tree is a citizen

of Virginia pursuant to 28 U.S.C. § 1332(c)(1).

10. Therefore, Plaintiff and defendant are completely diverse.

**AMOUNT IN CONTROVERSY**

11. A notice of removal "may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and . . . the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(A) and (B).

12. Pursuant to 28 U.S.C. § 1446(b)(3), a defendant may remove an action within 30 days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

13. Plaintiff alleges that as a result of Dollar Tree's negligence, he has incurred at least $190,000.00 in special damages; he has also made a demand for damages of $10,000,000.00. *See* Exhibit C.

14. Based upon Plaintiff's demand of money damages, the amount in controversy in this matter exceeds $75,000.00.

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

15. Plaintiff served his Verified Bill of Particulars and Response to Combined Demands on Dollar Tree on December 1, 2020. *See* Exhibit C. The aforementioned responses were the first papers which provided sufficient information for which Dollar Tree could remove the matter. Dollar Tree filed the instant Notice of Removal less than 30 days after service of the Verified Bill of Particulars and Response to Combined Demands.

16. The United States District Court for the Eastern District of New York is the

proper venue for removal of this action because it is the district in which the state court action is pending. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

17. Pursuant to 28 U.S.C. § 1446(a) a true and correct copy of all of the process, pleadings, and orders from the state court action which have been served upon Dollar Tree are being filed with this Notice of Removal. *See* Exhibit E.

## CONCLUSION

18. By this Notice of Removal, Dollar Tree does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Dollar Tree intends no admission of fact, law, or liability by this Notice of Removal, and expressly reserves all defenses, motions and/or pleas.

Dated: December 18, 2020
       New York, New York

                    Respectfully submitted,

                    /s/ Gary N. Smith
                    Gary N. Smith
                    SCHNADER HARRISON SEGAL & LEWIS LLP
                    140 Broadway, Suite 3100
                    Telephone: 212-973-8023
                    Facsimile: 212-972-8798
                    gsmith@schnader.com
                    *Attorneys for Dollar Tree Stores, Inc.*