# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------------------------X
JOSEPH GERALDI,

                        *Plaintiff,*

       -against-


DOLLAR TREE STORE and DOLLAR TREE
STORE ,INC.
                     *Defendants.*
-----------------------------------------------------------------------X

Index No.:

Date Purchased:

Plaintiff designates
RICHMOND County as the
place of trial.

The basis of venue is
Plaintiff's Residence.

**SUMMONS**
Plaintiff's Residence:
414 Flint Street
Staten Island, NY 10306

Date Filed:

To the above-named Defendant:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney within twenty (20) days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

JURY TRIAL DEMANDED

DATED:    New York, New York
               March 19, 2020

                                              Yours, etc.,

                                              Nicholas Gonchar, Esq.
                                              ***Krentsel & Guzman, LLP.***
                                              Attorneys for Plaintiff
                                              17 Battery Place – Suite 604.
                                              New York, New York 10004
                                              (212) 227-2900

Defendant's Address:

**DOLLAR TREE STORE**
3231 Richmond Avenue
Staten Island, NY 10312

**DOLLAR TREE STORE, INC.**
**CORPORATE SERVICE COMPANY**
80 State Street
Albany, New York, NY 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------------------------X
JOSEPH GERALDI,

                       *Plaintiff*,

     -against-

DOLLAR TREE STORE and, DOLLAR TREE
STORE , INC.

                       *Defendants,*
-----------------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

The Plaintiff, JOSEPH GERALDI, by his attorneys **KRENTSEL, GUZMAN & HERBERT**, **LLP,** upon information and belief alleges:

### AS AND FOR A FIRST CAUSE OF ACTION

1. At all times herein mentioned, the Plaintiff, JOSEPH GERALDI, was and is a resident of the COUNTY OF RICHMOND, State of New York.

2. That the cause of action alleged herein arose in the Richmondy County, City and State of New York..

3. That the action falls within one or more of the exemptions set forth in the CPLR § 1602.

4. That at all times herein mentioned, the Defendant, DOLLAR TREE STORE, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. That at all times herein mentioned, the Defendant, DOLLAR TREE STORE, was and still is a domestic entity duly organized and existing under and by virtue of the laws of the State of New York.

6. That at all times herein mentioned, the Defendant, DOLLAR TREE STORE was and still is a foreign corporation duly organized to do business in the State of New York.

7. That at all times herein mentioned, the Defendant, DOLLAR TREE STORE, maintained a principal place of business in the State of New York, Located at 53231 Richmond Avenue, Staten Island, NY 10312, specifically on or about November 28, 2019.

8. That at all times herein mentioned, the Defendant, DOLLAR TREE STORE, INC., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. That at all times herein mentioned, the Defendant, DOLLAR TREE STORE, INC, was and still is a domestic entity duly organized and existing under and by virtue of the laws of the State of New York.

10. That at all times herein mentioned, the Defendant, DOLLAR TREE STORE, INC, was and still is a foreign corporation duly organized to do business in the State of New York.

11. That at all times herein mentioned, the Defendant, DOLLAR TREE STORE, INC., maintained a principal place of business in the State of New York, Located at 3231 Richmond Avenue, Staten Island, NY 10312, specifically on or about November 28, 2019.

12. That on November 28, 2019, and at all times herein mentioned, Defendant, DOLLAR TREE STORE, owned the premises located at 3231 Richmond Avenue, Staten Island, NY 10312.

13. That on November 28, 2019, and at all times herein mentioned, Defendant, DOLLAR TREE STORE, INC., owned the premises located at 3231 Richmond Avenue, Staten Island, NY 10312.

14. That on November 28, 2019, and at all times herein mentioned, the aforesaid

premises were operated by Defendant, DOLLAR TREE STORE.

15. That on November 28, 2019, and at all times herein mentioned, the aforesaid premises were operated by Defendant, DOLLAR TREE STORE INC.

16. That on November 28, 2019, and at all times herein mentioned, the aforesaid premises were managed by Defendant, DOLLAR TREE STORE.

17. That on November 28, 2019, and at all times herein mentioned, the aforesaid premises were managed by Defendant, DOLLAR TREE STORE, INC.

18. That on November 28, 2019, and at all times herein mentioned, the aforesaid premises were controlled by Defendant, DOLLAR TREE STORE.

19. That on November 28, 2019, and at all times herein mentioned, the aforesaid premises were controlled by Defendant, DOLLAR TREE STORE, INC.

20. That on November 28, 2019, and at all times herein mentioned, the aforesaid premises were maintained by Defendant, DOLLAR TREE STORE.

21. That on November 28, 2019, and at all times herein mentioned, the aforesaid premises were maintained by Defendant DOLLAR TREE STORE, INC.

22. That at all times hereinafter mentioned, the Defendant, DOLLAR TREE STORE repaired the aforesaid premises.

23. That at all times hereinafter mentioned, the Defendant, DOLLAR TREE STORE, INC. repaired the aforesaid premises.

24. That at all times hereinafter mentioned, the Defendant, DOLLAR TREE STORE supervised the aforesaid premises.

25. That at all times hereinafter mentioned, the Defendant, DOLLAR TREE STORE, INC supervised the aforesaid premises.

26. On November 28, 2019 Plaintiff, JOSEPH GERALDI lawfully made a purchase at the aforesaid premises.

27. That on November 28, 2019 Plaintiff lawfully made a purchase at the aforesaid premises and due to the negligence of defendasnts herein, namely their failure to properly warn of dangers, Plaintiff was caused to sustain severe and permanent injuries.

28. The above mentioned occurrence, and results thereof, were caused by the negligence of the Defendants' servants, agents, employees and/or licensees in the ownership, operation, management, repair, supervision, control, and failure to warn.

29. That upon information and belief, defendant, DOLLAR TREE STORE had actual notice of the failure to warn prior to November 28, 2109.

30. That upon information and belief, defendant, DOLLAR TREE STORE, INC. had actual notice of this failure to warn prior to November 28, 2109.

31. That upon information and belief, defendant, DOLLAR TREE STORE had constructive notice of this defective failure to warn prior to November 28, 2109.

32. That upon information and belief, defendant, DOLLAR TREE STORE, INC. had actual notice of this failure to warn prior to November 28, 2109.

33. The upon information and belief, defendant, DOLLAR TREE STORE caused and created this defective and dangerous condition – namely, the failure to warn.

34. The upon information and belief, defendant, DOLLAR TREE STORE, INC caused and created this defective and dangerous condition – namely, the failure to warn.

35. That no negligence on the part of the Plaintiff contributed to the occurrence alleged berein in any matter whatsoever.

36. That by reason of the foregoing, Plaintiff, JOSEPH GERALDI was caused to sustain

serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will permanent; and as a result of said ijuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

37. That by reason of the foregoing, Plaintiff, JOSEPH GERALDI was damaged in a sum which exceeds the jurisdictional limits of all courts which would otherwise have jusrisdiction.

**WHEREFORE**, Plaintiff, demands judgment against the Defendants, in a sum exceeding the jurisdictional limits of the lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: New York, New York
March 19, 2020

Yours, etc.

Nicholas Gonchar, Esq.
***Krentsel & Guzman, LLP.***
Attorneys for Plaintiff
17 Battery Place – Suite 604
New York, New York 10004
(212) 227-2900

## ATTORNEY VERIFICATION

Nicholas Gonchar, an attorney at law, duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury that:

He is the attorney for the plaintiff(s) in the above entitled action. That he has read the foregoing VERIFIED COMPLAINT and knows the contents thereof, and upon information and belief, deponent believes the matters alleged therein to be true.

The reason this Verification is made by deponent and not by the plaintiff(s) is that the plaintiff(s) herein reside(s) in a county other than the one in which the plaintiff's attorneys maintain their office.

The source of deponent's information and the grounds of his belief are communication, papers, reports and investigation contained in the file.

DATED:   New York, New York
         March 19, 2020

_____
Nicholas Gonchar, Esq.

Index No. :

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
===============================================

JOSEPH GERALDI,

                                                                                       Plaintiff

-against-

DOLLAR TREE STORE and DOLLAR TREE
STORE, INC

                                                                                      Defendants.
===============================================

**SUMMONS AND VERIFIED COMPLAINT**
===============================================

**KRENTSEL & GUZMAN, LLP.**
*Attorneys for* : Plaintiff(s)
*Office and Post Office Address, Telephone*
17 Battery Place – Suite 604
New York, New York 10004
(212) 227-2900

===============================================

To
Attorney(s) for
===============================================

Service of a copy of the within
                                            is hereby admitted.

Dated,

                                            _____

Attorney(s) for
===============================================

PLEASE TAKE NOTICE:
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within name court on                        19
☐ NOTICE OF SETTLEMENT
that an order                                              of which the within is a true copy
will be presented for settlement to the HON.                  One of the judges of the
within named Court, at
on                                        at               M.
Dated,

Yours, etc.
**KRENTSEL & GUZMAN, LLP.**
===============================================