# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------------------X
JOSEPH GERALDI,

                                           Index No.: 150575/2020

                  Plaintiff,

                                  **VERIFIED ANSWER**

     -against-

DOLLAR TREE STORE AND DOLLAR TREE
STORE, INC.,

                            Defendant(s)
-----------------------------------------------------------------X

       Defendant Dollar Tree Stores, Inc., incorrectly sued herein as Dollar Tree Store and Dollar Tree Store, Inc. (referred to as "Dollar Tree" or "Defendant"), by its attorneys, Schnader Harrison Segal & Lewis LLP, as and for a Verified Answer to Plaintiff's Complaint (dated March 19, 2020), respectfully state and allege as follows:

       1.     Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1," "2," and "26" of the Complaint.

       2.     Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "3" and "27" of the Complaint and refers all questions of law to this Honorable Court.

       3.     Denies each and every allegation contained in paragraphs "4," "5," "6," "7," "8," "9," "12," "13," "14," and "16" of the Complaint.

       4.     Defendant admits that on November 28, 2019 it maintained a place of business at 3231 Richmond Avenue, Staten Island, NY and denies all other allegations in paragraph "11" of the Complaint.

INDEX NO. 150575/2020

RECEIVED NYSCEF: 05/19/2020

Case 1:20-cv-06149-ERK-CLP   Document 1-3   Filed 12/18/20   Page 3 of 39 PageID #: 19

5.     Defendant admits that on November 28, 2019 it operated a retail store at 3231 Richmond Avenue, Staten Island, NY and denies all other allegations in paragraph "15" of the Complaint.

6.     Denies each and every allegation contained in paragraphs "17," "18," "19," "20," "21," "22," "23," "24," "25," "28," "29," "30," "31," "32," "33," "34," "35," "36," and "37" of the Complaint and refers all questions of law to this Honorable Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7.     Any injuries and/or damages sustained by Plaintiff, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of Plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of Defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8.     The liability of Defendant, if any, to Plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9.     If Plaintiff sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of parties over whom Defendant was not obligated to exercise supervision or control and such negligence bars and/or diminishes the plaintiff's recovery as against Defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10.     The Complaint fails to state a cause of action cognizable in law or equity against Defendant and must therefore be dismissed.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11.     Upon information and belief, all hazards and risks incident to the circumstances set forth in the Complaint were obvious and apparent and were readily assumed by Plaintiff, and on that account Defendant is not liable to Plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12.     In the event Plaintiff recovers a verdict or judgment against Defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13.     In the event Plaintiff recovers a verdict or judgment against Defendant, then said verdict or judgment must be entered in accordance with CPLR 50-B.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

14.     Plaintiff's damages, if any, were caused and brought about by an intervening and superseding cause and was not caused by Defendant, or by any person or entity for whom Defendant is responsible.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15.     Plaintiff failed to mitigate her damages if any.  Accordingly, Plaintiff is barred in whole or in part from recovery.

INDEX NO. 150575/2020
RECEIVED NYSCEF: 05/19/2020

Case 1:20-cv-06149-ERK-CLP   Document 1-3   Filed 12/18/20   Page 5 of 39 PageID #: 21

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

16.     Defendant is not guilty of negligence, reckless or careless disregard for the safety of others and Defendant did not breach any duties allegedly owed to Plaintiff.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

17.     The alleged damages complained of were not proximately caused by any culpable conduct on the part of Defendant.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18.     Any and all risks, hazards, defects or dangers alleged were open, obvious and apparent, natural and inherent, and known, or should have been known to Plaintiff, and plaintiff voluntarily assumed all such risks, hazards, defects and dangers.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

19.     Defendant was not given, nor did it otherwise have, notice of any dangerous or defective condition alleged in the Complaint.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

20.     The liability of Defendant, if any, must be limited by the provisions of CPLR Article 16.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

21.     At all times relevant to the acts alleged in the Complaint, Defendant acted reasonably, properly, lawfully, in good faith and in compliance with applicable regulations, standards and statutes.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

22.     In the event plaintiff recovers a verdict or judgment, the verdict or judgment must exclude, or be reduced by amounts which, with reasonable certainty, will pay or indemnify

Case 1:20-cv-06149-ERK-CLP  Document 1-3  Filed 12/18/20  Page 6 of 39 PageID #: 22

plaintiff for past or future medical costs, health care, life care or other economic loss or benefit

that is mandated by the Patient Protection and Affordable Care Act.

**WHEREFORE**, defendant Dollar Tree Stores, Inc. demands judgment dismissing the

Complaint, together with the attorneys' fees, costs and disbursements of this action and such

other and further relief as this Court deems just and proper.

Dated:      New York, New York
            May 19, 2020

                                    Yours, etc.

                                    SCHNADER HARRISON SEGAL & LEWIS LLP

                                    /s/ Gary N. Smith
                                    Gary N. Smith
                                    Attorneys for Defendant
                                    *Dollar Tree Stores, Inc.*
                                    140 Broadway, Suite 3100
                                    New York, New York  10005-1101
                                    (212) 973-8000

Case 1:20-cv-06149-ERK-CLP   Document 1-3   Filed 12/18/20   Page 7 of 39 PageID #: 23

## ATTORNEY'S VERIFICATION

The undersigned affirms the following statement to be true under the penalty of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That he is associated with the firm of Schnader Harrison Segal & Lewis LLP, Attorneys for Defendant, DOLLAR TREE STORES, INC.

That he has read the foregoing document and knows the contents thereof, and that the same is true to the knowledge of your deponent except as to the matters therein alleged upon information and belief and that as to those matters she believes them to be true.

That the reason this affirmation is being made by your deponent is that Defendant does not reside in, and do not maintain offices with an officer having knowledge of the facts, in the county where your affirmant's firm maintains its offices.

That the source of your deponent's information and the grounds of his belief as to all the matters therein alleged upon information and belief, are reports from and communications had with said Defendant.

Dated: New York, New York
       May 19, 2020

/s/ Gary N. Smith
GARY N. SMITH

Case 1:20-cv-06149-ERK-CLP   Document 1-3   Filed 12/18/20   Page 8 of 39 PageID #: 24

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
----------------------------------------------------------------X
JOSEPH GERALDI,

                               Plaintiff,

       -against-

DOLLAR TREE STORE AND DOLLAR TREE
STORE, INC.,

                             Defendant(s)
----------------------------------------------------------------X

Index No.: 150575/2020

**DEMAND FOR A
VERIFIED BILL OF
PARTICULARS**

TO:   **PLAINTIFF**

**COUNSELORS:**

     **PLEASE TAKE NOTICE,** that pursuant to Section 3041, *et seq.,* of the Civil Practice

Law and Rules, you are hereby required to serve a Verified Bill of Particulars upon the

undersigned within twenty (20) days after receipt for this Demand, setting forth the following:

1. Plaintiff's present residential address.

2. The date and approximate time of day of the occurrence alleged in the Complaint.

3. The approximate location of the happening of the occurrence in sufficient detail so as to permit accurate identification of such location.

4. The approximate location of the Plaintiff at the time of the occurrence in sufficient detail so as to permit accurate identification of such location.

5. A general description of the occurrence, together with identification of the instrumentalities involved in the occurrence.

6. If Plaintiff claims a dangerous, unsafe or defective condition was the cause of the occurrence:

     a.  describe that condition;

Case 1:20-cv-06149-ERK-CLP Document 1-3 Filed 12/18/20 Page 9 of 39 PageID #: 25

    b.  set forth in what manner the condition described was dangerous, defective and/or unsafe;

    c.  specify the date and time when the condition was caused or created;

    d.  set forth the indemnity of the person or company who caused or created the condition.

7.  A general statement of the acts or omissions of each Defendant <u>separately stated</u>, constituting any negligence claimed.

8.  Whether actual or constructive notice of any defective condition or activity is claimed and if so, set forth the nature and extent of such condition or activity.

9.  If actual notice is claimed, then set forth the following:

    a.  the date or dates of each said notice;

    b.  the names of the agents and/or servants of Defendant Dollar Tree Stores, Inc. to whom said actual notice was allegedly given on each of such dates.

    c.  By whom said actual notice was allegedly given on each of such dates;

    d.  The substance of each said notice.

10. If constructive notice is claimed, the length of time said condition is alleged to have existed prior to the happening of the alleged occurrence. If the length of time is not known, so state.

11. State the basis of the claim that the subject premises were "owned" by Defendant Dollar Tree Stores, Inc., as alleged in the Complaint.

12. State the basis of the claim that the subject premises were leased by Defendant Dollar Tree Stores, Inc., as alleged in the Complaint.

13. State the basis of the claim that Defendant Dollar Tree Stores, Inc. "operated" the subject premises as alleged in the Complaint.

14. State the basis of the claim that Defendant Dollar Tree Stores, Inc. "maintained" the subject premises as alleged in the Complaint.

15. State the basis of the claim that Defendant Dollar Tree Stores, Inc. "managed" the subject premises as alleged in the Complaint.

16. State the basis of the claim that Defendant Dollar Tree Stores, Inc. "controlled" the subject premises as alleged in the Complaint.

Case 1:20-cv-06149-ERK-CLP Document 1-3 Filed 12/18/20 Page 10 of 39 PageID #: 26

17. State the basis of the claim that Defendant Dollar Tree Stores, Inc. "supervised" the subject premises as alleged in the Complaint.

18. State the basis of the claim that Defendant Dollar Tree Stores, Inc. was careless and negligent as alleged in the Complaint.

19. A statement of any injuries claimed to have resulted from the occurrence including the approximate date of the onset of symptoms of each of the injuries claimed.

20. A description of those injuries claimed to be permanent.

21. The length of time that Plaintiff was confined to bed and/or home as a result of the occurrence, with dates of confinement.

22. The length of time that Plaintiff was confined to a hospital or other health care facility, as a result of the occurrence with the name and address of each such hospital or facility and the dates of admission or discharge.

23. The date(s) Plaintiff received treatment at any hospital, out-patient department or clinic with the name and address of each such hospital or clinic.

24. The length of time Plaintiff was partially disabled, as a result of the occurrence including specific dates.

25. If Plaintiff attended school at the time of the incident, the name of the school, her grade/year; and the amount of time missed from school due to the occurrence.

26. The occupation of Plaintiff at the time of the occurrence, including the name and address of each employer for the five (5) years preceding the occurrence and the plaintiff's job title and annual earnings for each of said five years.

27. The employment of Plaintiff since this occurrence, including the name of any employers, her title, dates of employment and annual earnings.

28. State the basis of the claim that Defendant Dollar Tree Stores, Inc. caused an unsafe and dangerous condition at the subject premises, as alleged in the Complaint.

29. The total of special damages incurred to date and the claimed future damages (along with a statement concerning the manner of their computation) with regard to the following:

   a. physicians' services, including the name and address of each physician who treated plaintiff for the injuries claimed to have been caused by or aggravated by the occurrence;

b.  medical supplies, including a description of each item and the name and address of the supplier from whom such supplies were purchased;

c.  loss of earnings, including the dates plaintiff missed from work and the manner in which said loss is computed;

d.  hospital expenses and clinic charges;

e.  x-rays, other than those for which charges were included in hospital expenses;

f.  custodial care costs and expenses;

g.  nurses' services, other than those for which charges were included in hospital expenses;

h.  pharmaceutical costs and expenses; and

i.  all other items of special damage.

30. With respect to the damages alleged in the Complaint.

a.  state whether any part of the cost of physician's services, medical supplies, hospital expenses, nurses services or loss of earnings was replaced or indemnified from any collateral source such as insurance, social security, workers' compensation or employee benefit programs;

b.  if the answer to "a." above is in the affirmative, set forth separately as to each item, the amount of reimbursement received, and the name and address of the organization or program from whom such reimbursement was received;

c.  for each organization or program, state the identifying number of the policy or program, and its effective dates;

d.  state whether or not plaintiff has made claim for reimbursement for economic loss to any collateral source which has not as yet been paid;

e.  if the answer to "d." above is in the affirmative, state the name and address of the organization or program to whom such claim was presented, the date of presentation, the amount claimed, and the identifying number of the policy or program;

f.  state whether or not plaintiff reasonably anticipates making a claim in the future for reimbursement of future economic loss; and

g.  if the answer to "f." above is in the affirmative, state the name and address of the organization or program to whom such claim(s) will be presented, the

identifying number of the policy or program, the extent of total coverage or benefits available and the length of time such coverage of benefits will be available to plaintiff.

31. Plaintiff's date of birth.

32. Plaintiff's social security number.

33. Set forth by Chapter, Article, Section and Paragraph each statute, ordinance, rule or regulation, if any, which it is claimed Defendant Dollar Tree Stores, Inc. violated.

34. If Plaintiff is a covered person, state the name and address of any insurance carrier providing first party benefits.

35. Set forth the names and addresses of all witnesses to the occurrence or to the facts and circumstances surrounding it known to Plaintiff, her attorneys or representatives.

36. State the name, local number and business address of every union or which Plaintiff was a member on the date of loss herein.

**PLEASE TAKE FURTHER NOTICE,** in the event that Plaintiff fails to comply with the foregoing demand within twenty (20) days, Defendant Dollar Tree Stores, Inc. will move to preclude the offering of any evidence as to the matters herein demanded, together with the costs of such application.

Dated:        New York, New York
              May 19, 2020

                              Yours, etc.

                              SCHNADER HARRISON SEGAL & LEWIS, LLP

                              /s/ Gary N. Smith
                              Gary N. Smith
                              Attorneys for Defendant
                              140 Broadway, Suite 3100
                              New York, New York  10005
                              (212)  973-8000

Case 1:20-cv-06149-ERK-CLP Document 1-3 Filed 12/18/20 Page 13 of 39 PageID #: 29

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------------------X
JOSEPH GERALDI,

                                     Index No.: 150575/2020

                      Plaintiff,

        -against-                        **DEMAND FOR
A STATEMENT
OF DAMAGES**

DOLLAR TREE STORE AND DOLLAR TREE
STORE, INC.,

                      Defendant(s)
-----------------------------------------------------------------X

**TO:    PLAINTIFF**

**COUNSELORS:**

       **PLEASE TAKE NOTICE,** that pursuant to CPLR 3017(c), Defendant Dollar Tree

Stores, Inc. hereby requests that within fifteen (15) days, Plaintiff serve a supplemental demand

for relief, setting forth the total damages which he deems himself entitled.

       **PLEASE TAKE FURTHER NOTICE,** that upon failure to produce the aforesaid

within the time required in this Demand, a motion will be made to the Court for the appropriate

relief with costs.

Dated:      New York, New York
             May 19, 2020

                          Yours, etc.

                          SCHNADER HARRISON SEGAL & LEWIS LLP

                          /s/ Gary N. Smith
                          Gary N. Smith
                          Attorneys for Defendant
                          140 Broadway, Suite 3100
                          New York, New York  10005-1101
                          (212) 973-8000

Case 1:20-cv-06149-ERK-CLP   Document 1-3   Filed 12/18/20   Page 14 of 39 PageID #: 30

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------------------X
JOSEPH GERALDI,

Index No.: 150575/2020

                             Plaintiff,

      -against-

**NOTICE TO TAKE
DEPOSITION**

DOLLAR TREE STORE AND DOLLAR TREE
STORE, INC.,
                            Defendant(s)

-----------------------------------------------------------------X

**COUNSELORS:**

    **PLEASE TAKE NOTICE,** that pursuant to the applicable rules of this Court, the undersigned will take on behalf of Defendant Dollar Tree Stores, Inc. on **October 16, 2020, at 10:00 a.m.**, at the offices of Schnader Harrison Segal & Lewis LLP, 140 Broadway, Suite 3100, New York, New York 10005, the oral examination of **PLAINTIFF JOSEPH GERALDI**, as adverse parties herein, and the same will continue from day-to-day until completed, concerning all of the relevant facts and circumstances in connection with this litigation, including negligence, contributory negligence, liability or damages.

    Defendant Dollar Tree Stores, Inc. shall reserve the right to use electronic audio and visual means to record said examination in conjunction with or instead of stenographic recordings pursuant to applicable Court rules.

    **PLEASE TAKE FURTHER NOTICE**, that at the time of the taking of the testimony, the aforesaid party is hereby required to produce all medical bills, accident reports, salary

Case 1:20-cv-06149-ERK-CLP   Document 1-3   Filed 12/18/20   Page 15 of 39 PageID #: 31

records, and/or property records which may be used by the person so testifying to refresh her recollection as to the matters herein above set forth.

Dated:        New York, New York
              May 19, 2020

                              Yours, etc.

                              SCHNADER HARRISON SEGAL & LEWIS, LLP


                              /s/ Gary N. Smith
                              Gary N. Smith
                              Attorneys for Defendant
                              *Dollar Tree Stores, Inc.*
                              140 Broadway, Suite 3100
                              New York, New York  10005-1101
                              (212) 973-8000

Case 1:20-cv-06149-ERK-CLP  Document 1-3  Filed 12/18/20  Page 16 of 39 PageID #: 32

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

----------------------------------------------------------------X

JOSEPH GERALDI,

                                  Plaintiff,

       -against-

DOLLAR TREE STORE AND DOLLAR TREE
STORE, INC.,

                               Defendant(s)

----------------------------------------------------------------X

Index No.: 150575/2020

**NOTICE FOR DISCOVERY
AND INSPECTION UPON
PLAINTIFF**

**TO:**   **PLAINTIFF**

**COUNSELORS:**

     **PLEASE TAKE NOTICE**, that pursuant to applicable rules of this Court, you are required to serve within twenty (20) days after receipt of this Notice, and/or permit us to discovery and inspection, copy and photograph the following:

     1.     Any written report concerning the accident which is the subject matter of this litigation prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity. This demand includes all accident reports, whether or not prepared exclusively in preparation for litigation, <u>including police records and EMS reports</u> (regardless of whether these records may be part of the "public record").

     2.     Any records evidencing special damages claimed.

     3.     Copies of the income tax returns filed by Plaintiff and the W2 forms received by plaintiff and filed with the United States Government, New York State Government and the New York State Government for the years 2013 to present.

     4.     All photographs under the control of the Plaintiff or the attorney or representatives of the Plaintiff depicting the condition of the place of the occurrence as it existed prior to, at the time of, or following the accident herein.

     5.     All photographs under the control of the Plaintiff or the attorney or representatives of the Plaintiff depicting the scene of the accident herein.

6.      All photographs depicting Plaintiff's alleged injuries, whether still, movie, video or other, including all "day in the life" photographs/films.

7.      All video records, regardless of format, taken by Plaintiff or on behalf of Plaintiff, of any independent medical examination conducted on behalf of this defendant within thirty (30) days of the date(s) on which said recordings were taken and/or created or within thirty (30) days from the date of this demand, whichever is sooner.

8.      Any signed statement, unsigned statement, or copy of any recorded statement or document made by or taken from any party represented by the undersigned in this action, or from any agent, servant or employee of any defendant represented by this office.

9.      Duly executed and acknowledged written authorization(s) permitting Schnader Harrison Segal & Lewis LLP to obtain certified copies and have full disclosure of all such records relating to the employment of Plaintiff before, during and after the alleged occurrence, including, but not limited to the attendance, medical and sick leave, salary and compensation, for the period 2013 to the present.

10.     Duly executed and acknowledged written authorization(s) permitting Schnader Harrison Segal & Lewis LLP to obtain certified copies and have full disclosure of all such records relating to any workers' compensation claim filed by Plaintiff in connection with the subject occurrence.

11.     Duly executed and acknowledged written authorization(s) to the Social Security Administration permitting Schnader Harrison Segal & Lewis LLP to obtain a printout regarding Plaintiff's Itemized Statement of Earnings from first employment.

12.     Copies of any transcripts of testimony provided by Plaintiff concerning the subject incident, including any 50-h or workers' compensation testimony.

13.     Names and addresses of all attorneys appearing in this action.

14.     Prior Pleadings and Discovery:  (a) all prior pleadings served in this matter by any and all parties; (b) all discovery demands and discovery responses thereto previously served in this matter; (c) all transcripts of depositions and exhibits referred to therein in this matter; (d) all prior motions served in this action, including opposition and replies; and (e) all Orders entered in this action.

**PLEASE TAKE FURTHER NOTICE**, that your failure to comply with this demand will result in your being precluded from offering said proof or introducing testimony based on said proof at the trial of this action.

Case 1:20-cv-06149-ERK-CLP  Document 1-3  Filed 12/18/20  Page 18 of 39 PageID #: 34

Dated:      New York, New York
             May 19, 2020

                                  Yours, etc.

                                  SCHNADER HARRISON SEGAL & LEWIS, LLP

                                  /s/ Gary N. Smith
                                  Gary N. Smith
                                  Attorneys for Defendant
                                  *Dollar Tree Stores, Inc.*
                                  140 Broadway, Suite 3100
                                  New York, New York  10005-1101
                                  (212) 973-8000

Case 1:20-cv-06149-ERK-CLP   Document 1-3   Filed 12/18/20   Page 19 of 39 PageID #: 35

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
------------------------------------------------------------------X
JOSEPH GERALDI,

                        Plaintiff,

      -against-

DOLLAR TREE STORES AND DOLLAR TREE
STORE, INC.

                        Defendant(s)
------------------------------------------------------------------X

Index No.: 150575/2020

**DEMAND FOR NAMES
AND ADDRESSES OF ALL
WITNESSES**

**TO:**    **ALL PARTIES**

**COUNSELORS:**

      **PLEASE TAKE NOTICE** that the undersigned Defendant demands that you set forth in

writing, under oath, pertaining to witnesses to the accident, and serve upon us within twenty (20)

days of service:

      1.     The names and addresses of each person known or claimed by you or any party
you represent in this action to be a witness to:

          (a) The occurrence alleged in the Complaint of this action, or,

          (b) Any acts, omissions, or conditions which allegedly caused
              the occurrence alleged in the Complaint; or,

          (c) Any actual notice allegedly given to defendant Dollar Tree
              Stores, Inc. of any condition which allegedly caused the
              occurrence alleged in the Complaint; or,

          (d) The nature and duration of any alleged condition which
              allegedly caused the occurrence alleged in the Complaint.

      **PLEASE TAKE FURTHER NOTICE** that appropriate motions will be made at the

trial of this action to preclude the testimony of any witness to the above described facts and

circumstances who is not identified by you in response to this notice.


Dated:      New York, New York
            May 19, 2020

                        Yours, etc.

                        SCHNADER HARRISON SEGAL & LEWIS, LLP


                        /s/ Gary N. Smith
                        Gary N. Smith
                        Attorneys for Defendant
                        *Dollar Tree Stores, Inc.*
                        140 Broadway, Suite 3100
                        New York, New York  10005-1101
                        (212) 973-8000

Case 1:20-cv-06149-ERK-CLP   Document 1-3   Filed 12/18/20   Page 21 of 39 PageID #: 37

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

-----------------------------------------------------------------X

JOSEPH GERALDI,

Index No.: 150575/2020

Plaintiff,

**DEMAND FOR**
-against-                                          **COLLATERAL SOURCE**
**PAYMENT INFORMATION**

DOLLAR TREE STORES AND DOLLAR TREE
STORE, INC.

Defendant(s)

-----------------------------------------------------------------X

**TO:   PLAINTIFF**

**COUNSELORS:**

**PLEASE TAKE NOTICE,** that demand is hereby made upon you pursuant to CPLR

§4545 to produce and permit the undersigned attorneys to inspect and copy the contents of:

1.      Each and every collateral source payment, including, but not limited to, insurance
        agreements (except life insurance), Social Security (except those benefits
        provided under Title XVIII of the Social Security Act), Workers' Compensation
        or employee benefit programs (except such collateral sources entitled by law to
        liens against any recovery of the plaintiff), and any other collateral source of
        payment  for past and future costs or expenses alleged to have been incurred by
        the plaintiff and for which recovery is sought in the instant action; and

2.      A written statement setting forth any and all such collateral sources and their
        amounts.

**PLEASE TAKE FURTHER NOTICE,** that failure to produce said collateral sources of

payment at the offices of the undersigned within twenty (20) days from the date herein, will

result in a motion for appropriate relief.

Case 1:20-cv-06149-ERK-CLP   Document 1-3   Filed 12/18/20   Page 22 of 39 PageID #: 38

Dated:      New York, New York
            May 19, 2020

                        Yours, etc.

                        SCHNADER HARRISON SEGAL & LEWIS, LLP


                        /s/ Gary N. Smith
                        Gary N. Smith
                        Attorneys for Defendant
                        *Dollar Tree Stores, Inc.*
                        140 Broadway, Suite 3100
                        New York, New York  10005-1101
                        (212) 973-8000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
----------------------------------------------------------------X
JOSEPH GERALDI,

                                 Plaintiff,

     -against-

DOLLAR TREE STORES AND DOLLAR TREE
STORE, INC.

                              Defendant(s)
----------------------------------------------------------------X

Index No.: 150575/2020

**DEMAND PURSUANT TO
CPLR 3101(d)**

TO:    **ALL PARTIES**

**COUNSELORS:**

     **PLEASE TAKE NOTICE** that pursuant to Civil Practice Law and Rules you are required to set forth the following:

1. The name and address of each every person you expect to call as an expert witness at the trial of this action.

2. In reasonable detail, the subject matter on which each expert is expected to testify.

3. The substance of the facts and opinions on which each expert is expected to testify.

4. The qualification of each expert witness.

5. A summary of the factual grounds for each expert's opinion.

6. A copy of all reports prepared by each such expert.

7. Duplicate copies of all photographs, videotapes and other films made and/or take by said expert.

     **PLEASE TAKE FURTHER NOTICE** that appropriate motions will be made at the trial of this action to preclude the testimony of any such expert, medical or otherwise, who has not been properly identified together with his or her prospective testimony as demanded above.

Case 1:20-cv-06149-ERK-CLP   Document 1-3   Filed 12/18/20   Page 24 of 39 PageID #: 40

**PLEASE TAKE FURTHER NOTICE** that this is a continuing demand and requires your response concerning your intention to call any expert witness up to and including the time of the commencement of the trial in this action.

Dated:      New York, New York
            May 19, 2020

                          Yours, etc.

                          SCHNADER HARRISON SEGAL & LEWIS, LLP

                          /s/ Gary N. Smith
                          Gary N. Smith
                          Attorneys for Defendant
                          *Dollar Tree Stores, Inc.*
                          140 Broadway, Suite 3100
                          New York, New York  10005-1101
                          (212) 973-8000

Case 1:20-cv-06149-ERK-CLP Document 1-3 Filed 12/18/20 Page 25 of 39 PageID #: 41

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

-----------------------------------------------------------------X

JOSEPH GERALDI,

                             Plaintiff,

      -against-

DOLLAR TREE STORES AND DOLLAR TREE
STORE, INC.

                          Defendant(s)

-----------------------------------------------------------------X

Index No.: 150575/2020

**DEMAND FOR
ECONOMIST/ACTUARY
INFORMATION**

**TO:   PLAINTIFF**

**COUNSELORS:**

     **PLEASE TAKE NOTICE**, that pursuant to Rule 3101(d) of the Civil Practice Laws and

Rules, Plaintiff is hereby required to produce the following at the office of the undersigned:

1. The name of each economist/actuary who you expect to call as an expert witness at trial;

2. Disclose in reasonable detail the qualifications of each such expert witness.

3. Disclose in reasonable detail the substance of the facts and opinions on which each expert economist/actuary is expected to testify, including:

    a. A description in reasonable detail of the substance of the losses for which such calculations will be made:

        i. Present value of <u>net</u> (after tax) and gross future lost earnings;

        ii. Present value of future medical expenses (by item);

        iii. Present value of any other future monetary sums (please identify);

    b. The undiscounted amount of such loss;

    c. The present value of such loss;

Case 1:20-cv-06149-ERK-CLP Document 1-3 Filed 12/18/20 Page 26 of 39 PageID #: 42

d. The discount rate (broken down by presumed inflation rate and presumed rate of return specifying the investment instrument) applied by such person to determine present value and reason for such rates;

e. The number of years involved in the discounting process and the opinion and fats on which the economist bases the determination of that number of years;

f. The rate of inflation applied by such person in computing the value indicated in them 3(a) above;

g. With regard to growth of future income on an annual or other basis at a projected rate of income greater than the income earned by Plaintiff when last employed, state in reasonable detail the growth rate for such income as estimated by such person and the opinions and facts on which that estimate is based;

h. State in reasonable detail each factor other than those which have been noted above, which the economist/actuary has used in calculating the net amount of the present value of the loss;

i. With regard to information secured from any test, publication, graph, chart, index or study upon which the expert relied in reaching his/her conclusions, describe or designate such items in writing with reasonable specificity to permit its identification and location by Defendant Dollar Tree Stores, Inc.;

j. The present value from projected income stream allocated to personal consumption of Plaintiff; and

k. Plaintiff's current federal tax bracket.

4. Disclose in reasonable detail a summary of the mathematic al calculations involved in deriving the expert's conclusion.

5. Please produce for discovery and inspection at the office of the undersigned within twenty (20) days after service of this demand a copy of the report(s) of the economist/actuary.

**PLEASE TAKE FURTHER NOTICE,** that this is a continuing demand. Failure to comply with this notice in a timely manner shall be grounds for precluding the testimony of any expert witnesses whose name and expected testimony is not disclosed, and/or such relief as the Court deems just under the circumstances.

FILED: RICHMOND COUNTY CLERK 05/19/2020 01:05 PM INDEX NO. 150575/2020

NYSCEF DOC. NO. 5 RECEIVED NYSCEF: 05/19/2020

Dated:      New York, New York
              May 19, 2020

                       Yours, etc.

                       SCHNADER HARRISON SEGAL & LEWIS, LLP

                       <u>/s/ Gary N. Smith</u>
                       Gary N. Smith
                       Attorneys for Defendant
                       *Dollar Tree Stores, Inc.*
                       140 Broadway, Suite 3100
                       New York, New York  10005-1101
                       (212) 973-8000

Case 1:20-cv-06149-ERK-CLP  Document 1-3  Filed 12/18/20  Page 28 of 39 PageID #: 44

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

-----------------------------------------------------------------X

JOSEPH GERALDI,

                          Index No.: 150575/2020

                Plaintiff,

                                  **DEMAND FOR MEDICAL**

    -against-                      **INFORMATION**

DOLLAR TREE STORES AND DOLLAR TREE
STORE, INC.

                    Defendant(s)

-----------------------------------------------------------------X

**TO:   PLAINTIFF**

**COUNSELORS:**

      **PLEASE TAKE NOTICE** that pursuant to the applicable Rules you are required to

serve within 20 days after receipt of this notice, the following:

1. The names and addresses of all physicians or other health care providers of every description who have consulted, examined or treated Plaintiff for each of the conditions allegedly caused by, or exacerbated by, the occurrence described in the Complaint including the date of such treatment or examination.

2. Duly executed and acknowledged written HIPAA-compliant authorizations directed to any hospital, clinic or other health care facility in which Plaintiff was treated or confined due to the occurrence set forth in the Complaint so as to permit the securing of a copy of the entire hospital record or records, including x-rays and technicians' reports.

3. Duly executed and acknowledged written HIPAA-compliant authorizations to allow the undersigned Defendant to obtain the completed medical records relating to Plaintiff, of each health care provider identified in (a) above.

4. Copies of all medical reports received from health care providers identified in (a) above. These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those x-rays and technicians' reports which will be offered at the trial.

5. Duly executed and acknowledged written authorizations to allow the undersigned Defendant to obtain complete pharmacy or drug store records with respect to any drugs prescribed for Plaintiff rom one (1) year prior to the occurrence described in the Complaint to the present date.

6. Duly executed and acknowledged written HIPAA-compliant authorizations to allow the undersigned Defendant to obtain all EMS and/or ambulance reports concerning the occurrence described in the Complaint.

**PLEASE TAKE FURTHER NOTICE**, that upon your failure to comply herewith, the

Plaintiff herein will be precluded at the trial of this action from offering any evidence of the

conditions described in the reports or records demanded or offering in evidence any part of the

hospital records, medical records, x-ray reports or reports of other technicians not made available

pursuant to this Rule, nor will the Court hear the testimony of any physicians whose medical

reports have not been served pursuant to the aforesaid demand.

Dated:      New York, New York
            May 19, 2020

Yours, etc.

SCHNADER HARRISON SEGAL & LEWIS, LLP

/s/ Gary N. Smith
Gary N. Smith
Attorneys for Defendant
*Dollar Tree Stores, Inc.*
140 Broadway, Suite 3100
New York, New York  10005-1101
(212) 973-8000

Case 1:20-cv-06149-ERK-CLP Document 1-3 Filed 12/18/20 Page 30 of 39 PageID #: 46

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
------------------------------------------------------------------X
JOSEPH GERALDI,

Index No.: 150575/2020

Plaintiff,

**DEMAND FOR PRIOR AND
SUBSEQUENT
CLAIMS/LAWSUITS**

-against-

DOLLAR TREE STORES AND DOLLAR TREE
STORE, INC.

Defendant(s)
------------------------------------------------------------------X

**TO:   PLAINTIFF**

**COUNSELORS:**

**PLEASE TAKE NOTICE** that pursuant to the applicable Rules, you are required to

serve within twenty (20) days after receipt of this notice, the following:

1. Identify by venue, full case caption, index number, and date of low, all prior and
   subsequent personal injury lawsuits instituted by Plaintiff.

   a. For each, provide true and accurate copies of all pleadings, bills of particulars,
      and Plaintiff's deposition transcript(s) from all prior and subsequent personal
      injury lawsuits instituted by Plaintiff;

2. Identify all prior and subsequent workers' compensation claims instituted by Plaintiff,
   including date(s) of loss, Worker's Compensation Board file number(s), Workers'
   Compensation carrier names(s) and claim number(s), and whether same are pending
   or closed;

3. Identify all prior and subsequent disability claims instituted by Plaintiff, including
   date(s) of loss, disability carrier claim name(s) and number(s) and whether same are
   pending or closed;

4. Identify all prior and subsequent social security disability claims instituted by
   Plaintiff, including date(s) of lass, claim number(s) and whether same are pending or
   closed;

5. Identify all prior and subsequent no-fault claim(s) submitted by Plaintiff for personal injuries, including date(s) of loss, no-fault carrier(s), no-fault claim number(s) and whether same are pending or closed.

**PLEASE TAKE FURTHER NOTICE,** that Defendant Dollar Tree Stores, Inc. demands that Plaintiff submit a written *seriatim* response to these demands attaching by separated marked exhibits the documents called for herein.

**PLEASE TAKE FURTHER NOTICE**, that this is a continuing demand and that Defendant demands compliance pursuant to CPLR 3101(h).

**PLEASE TAKE FURTHER NOTICE,** that upon your failure to comply herewith, the undersigned will move to compel production of same together with all attendant costs as a result of said motion practice.

Dated:      New York, New York
            May 19, 2020

                              Yours, etc.

                              SCHNADER HARRISON SEGAL & LEWIS, LLP

                              /s/ Gary N. Smith
                              Gary N. Smith
                              Attorneys for Defendant
                              *Dollar Tree Stores, Inc.*
                              140 Broadway, Suite 3100
                              New York, New York  10005-1101
                              (212) 973-8000

Case 1:20-cv-06149-ERK-CLP Document 1-3 Filed 12/18/20 Page 32 of 39 PageID #: 48

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------------------x
JOSEPH GERALDI,

                                       Plaintiff,

**Index No. 150575/2020**

**NOTICE TO PRESERVE SOCIAL NETWORKING RECORDS**

       -against-


DOLLAR TREE STORE AND DOLLAR TREE STORE, INC.,

                           Defendant(s)

-----------------------------------------------------------------x

**TO:   PLAINTIFF**

**COUNSELORS:**

     **PLEASE TAKE NOTICE** that the undersigned Defendant hereby demands that any social networking records including but not limited to profiles, timelines, photographs, messages, comments, videos, status updates, archives, historical data, "check-ins," from the date of the alleged incident and forward as well as prior social networking materials constituting adverse party statements, admissions, and any other information and documentation pertaining to prior medical, physical or emotional condition, be preserved for future inspection, examination, review and possible presentation to a Court or jury.

FILED: RICHMOND COUNTY CLERK 05/19/2020 01:05 PM
NYSCEF DOC. NO. 5
INDEX NO. 150575/2020
RECEIVED NYSCEF: 05/19/2020

Dated:      New York, New York
            May 19, 2020

                        Yours, etc.

                        SCHNADER HARRISON SEGAL & LEWIS, LLP


                        /s/ Gary N. Smith
                        Gary N. Smith
                        *Attorneys for Defendant*
                        140 Broadway, Suite 3100
                        New York, New York 10005-1101
                        (212) 973-8000
                        Certification Pursuant to 22 NYCRR 130.1-1

Case 1:20-cv-06149-ERK-CLP   Document 1-3   Filed 12/18/20   Page 34 of 39 PageID #: 50

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------------------x
JOSEPH GERALDI,

                                                    Index No.  150575/2020

                              Plaintiff,            **DEMAND FOR
                                                    AUTHORIZATIONS FOR
                                                    CELLULAR PHONE AND
                                                    SOCIAL NETWORKING
            -against-                               RECORDS**


DOLLAR TREE STORE AND DOLLAR TREE
STORE, INC.,

                              Defendant(s)

-----------------------------------------------------------------x

**TO:  PLAINTIFF**

**COUNSELORS:**


        **PLEASE TAKE NOTICE**, that pursuant to applicable rules of this Court, you are

required to serve and/or permit us to discovery and inspection, copy and photograph the

following:

> 1.  Duly executed and acknowledged authorizations for Plaintiff's cellular phone
>     records for the date of the accident, including but not limited to, all calls
>     received, dialed and text messages; and
>
> 2.  Duly executed and acknowledged authorizations for Plaintiff's complete
>     social networking records, including but not limited to, Facebook, Twitter,
>     MySpace, LinkedIn, Google+ and all the historical data maintained by said
>     entities.

Case 1:20-cv-06149-ERK-CLP Document 1-3 Filed 12/18/20 Page 35 of 39 PageID #: 51

**PLEASE TAKE FURTHER NOTICE**, that your failure to comply with this demand

will result in your being precluded from offering said proof or introducing testimony based on

said proof at the trial of this action.

Dated: New York, New York
      May 19, 2020

                      Yours, etc.

                      SCHNADER HARRISON SEGAL & LEWIS, LLP

                      /s/ Gary N. Smith
                      Gary N. Smith
                      *Attorneys for Defendant*
                      140 Broadway, Suite 3100
                      New York, New York 10005-1101
                      (212) 973-8000
                      Certification Pursuant to 22 NYCRR 130.1-1

Case 1:20-cv-06149-ERK-CLP Document 1-3 Filed 12/18/20 Page 36 of 39 PageID #: 52

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------------------X
JOSEPH GERALDI,

Index No.: 150575/2020

Plaintiff,

**DEMAND FOR
MEDICARE/MEDICAID
INFORMATION**

-against-

DOLLAR TREE STORES AND DOLLAR TREE
STORE, INC.

Defendant(s)

-----------------------------------------------------------------X

**TO:   PLAINTIFF**

**COUNSELORS:**

**PLEASE TAKE NOTICE**, that Defendant Dollar Tree Store and Dollar Tree Store,

Inc., by its attorneys Schnader Harrison Segal & Lewis LLP, hereby demands that, pursuant to

Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, Plaintiff produce for

discovery and inspection the following documents within twenty (20) days of receipt of demand

at the offices of the undersigned attorneys:

1.     A statement as to whether Plaintiff has received benefits from either **Medicare** or
**Medicaid** at any time, for any reason, not limited to the injuries alleged in the instant action. If
so, please state the following:

      a.  Plaintiff's date of birth;
      b.  Plaintiff's social security number;
      c.  Plaintiff's residential telephone;
      d.  Plaintiff's last known address;
      e.  Medicare/Medicaid file number and/or case number;
      f.  Address of the Medicare and/or Medicaid office handling Plaintiff's claim(s);
      g.  True and accurate copies of all documents, records, memoranda, notes, etc. in
          Plaintiff's possession pertaining to Plaintiff's receipt of Medicare and/or
          Medicaid benefits; and

Case 1:20-cv-06149-ERK-CLP Document 1-3 Filed 12/18/20 Page 37 of 39 PageID #: 53

     h. A duly executed and acknowledged, HIPAA-compliant authorization permitting this office to obtain a copy of Plaintiff's records from Medicare and/or Medicaid.

    2. A statement as to whether Plaintiff has received benefits from **Social Security** at any time, for any reason, not limited to the injuries alleged in the instant action. If so, please state the following:

    a. Plaintiff's date of birth;
    b. Plaintiff's social security number;
    c. Plaintiff's residential telephone number;
    d. Plaintiff's last known address;
    e. Social Security file number and/or case number;
    f. Address of the Social Security office handling the Plaintiff's claim(s);
    g. True and accurate copies of all documents, records, memoranda, notes, etc. in Plaintiff's possession pertaining to Plaintiff's receipt of Social Security benefits; and
    h. A duly executed and acknowledged HIPAA-compliant authorization permitting this office to obtain a copy of Plaintiff's records from Social Security.

    **PLEASE TAKE FURTHER NOTICE** that the foregoing is a continuing demand and in the event that the materials become available after the designated date, they should be forwarded to our office within thirty (30) days of receipt. In the event that said material is not produced for inspection and/or photocopying as required herein, the undersigned will move this Court to invoke the penalties applicable under Article 31 of the CPLR.

Dated:     New York, New York
        May 19, 2020

                Yours, etc.

                SCHNADER HARRISON SEGAL & LEWIS, LLP

                /s/ Gary N. Smith
                Gary N. Smith
                Attorneys for Defendant
                *Dollar Tree Stores, Inc. and*

                140 Broadway, Suite 3100
                New York, New York 10005-1101
                (212) 973-8000

Case 1:20-cv-06149-ERK-CLP   Document 1-3   Filed 12/18/20   Page 38 of 39 PageID #: 54

## AFFIRMATION OF SERVICE

1.    Gary N. Smith, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms the truth of the following statements under the penalties of perjury:

2.    I am Counsel to the law firm of Schnader, Harrison, Segal & Lewis, LLP, attorneys for the Defendant Dollar Tree Stores, Inc. ("Dollar Tree") in the above-captioned action.

3.    On May 19, 2020, I served the within:

ANSWER WITH AFFIRMATIVE DEFENSES, DEMAND FOR VERIFIED BILL OF PARTICULARS, DEMAND FOR STATEMENT OF DAMAGES, NOTICE TO TAKE DEPOSITION OF PLAINTIFF, NOTICE FOR DISCOVERY AND INSPECTION UPON PLAINTIFF, DEMAND FOR NAMES AND ADDRESSES OF ALL WITNESSES, DEMAND FOR COLLATERAL SOURCE PAYMENT INFORMATION, DEMAND PURSUANT TO CPLR 3101(d), DEMAND FOR ECONOMIST/ACTUARY INFORMATION, DEMAND FOR MEDICAL INFORMATION, DEMAND FOR PRIOR AND SUBSEQUENT CLAIMS/LAWSUITS, NOTICE TO PRESERVE SOCIAL NETWORKING RECORDS, DEMAND FOR AUTHORIZATIONS FOR CELLULAR PHONE AND SOCIAL NETWORKING RECORDS, DEMAND FOR MEDICARE/MEDICAID INFORMATION

via NYSCEF electronic filing upon:

Krentsel, Guzman & Herbert, LLP
17 Battery Pl., Ste. 604
New York, New York 10004
*Attorneys for Plaintiff*


Dated: New York, New York
        May 19, 2020

                                        /s/ Gary N. Smith
                                        Gary N. Smith

Case 1:20-cv-06149-ERK-CLP  Document 1-3  Filed 12/18/20  Page 39 of 39 PageID #: 55

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
----------------------------------------------------------------X
JOSEPH GERALDI,

Index No.: 150575/2020

Plaintiff,

-against-

DOLLAR TREE STORE AND DOLLAR TREE
STORE, INC.,

Defendant(s)

----------------------------------------------------------------X

ANSWER WITH AFFIRMATIVE DEFENSES, DEMAND FOR VERIFIED BILL OF
PARTICULARS, DEMAND FOR STATEMENT OF DAMAGES, NOTICE TO TAKE
DEPOSITION OF ALL PARTIES, NOTICE FOR DISCOVERY AND INSPECTION UPON
PLAINTIFF, DEMAND FOR NAMES AND ADDRESSES OF ALL WITNESSES, DEMAND
FOR COLLATERAL SOURCE PAYMENT INFORMATION, DEMAND PURSUANT TO
CPLR 3101(d), DEMAND FOR ECONOMIST/ACTUARY INFORMATION, DEMAND FOR
MEDICAL INFORMATION, DEMAND FOR PRIOR AND SUBSEQUENT
CLAIMS/LAWSUITS, NOTICE TO PRESERVE SOCIAL NETWORKING RECORDS,
DEMAND FOR AUTHORIZATIONS FOR CELLULAR PHONE AND SOCIAL
NETWORKING RECORDS DEMAND FOR MEDICARE/MEDICAID INFORMATION

To the best of my knowledge, information and belief, formed after an inquiry reasonable under
the circumstances, the presentation of these papers or the contentions therein are not frivolous as
defined in subsection (c) of §130-1.1 of the Rules of the Chief Administrator (22NYCRR).

/s/ Gary N. Smith
Gary N. Smith

SCHNADER, HARRISON, SEGAL & LEWIS LLP
140 Broadway
New York, NY 10005
(212) 973-8000
*Attorneys for Defendant Dollar Tree Stores, Inc.*