# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
------------------------------------------------------------------------X
JOSEPH GERALDI,

                               Plaintiff,

                -against-

DOLLAR TREE STORE and DOLLAR TREE STORE,
INC.,

                              Defendants.
------------------------------------------------------------------------X

Index No.: 150575/2020

**PLAINTIFF'S**
**VERIFIED BILL**
**OF PARTICULARS**

       Plaintiff, JOSEPH GERALDI, by his attorneys, KRENTSEL, GUZMAN & HERBERT, LLP, as and for his Verified Bill of Particulars, pursuant to the demands of the defendants, DOLLAR TREE STORE and DOLLAR TREE STORE, INC., by their attorneys, SCHNADER HARRISON SEGAL & LEWIS LLP, upon information and belief, hereby alleges as follows:

1. Plaintiff's present residential address is 414 Flint Street, Staten Island, New York 10306.

2. The incident occurred on November 28, 2019 at approximately 10:00 a.m.

3. The incident occurred in the kitchen of Plaintiff's residence – see item number (1) above for address.

4. See item number (3) above.

5. While cooking, Plaintiff removed the subject aluminum pan from the oven which folded in half causing burning hot liquid to scorch Plaintiff's left leg and foot.

6. A. Aluminum pan without warning. B. Defendants and/or their agents herein negligently and improperly removed the warning label from the subject aluminum pan. C. Said information is unknown to Plaintiff herein and solely within the control of defendants herein. D. Said information is unknown to Plaintiff herein and solely within the control of defendants herein.

7. The defendants, DOLLAR TREE STORE and DOLLAR TREE STORE, INC. were negligent in the operation, maintenance and control of the subject aluminum pan; in negligently removing the warning label of the subject aluminum pan; in failing to properly display the warning label of the subject aluminum pan; in removing the warning label from the subject aluminum pan prior to sale; in removing any and all instructions/directions/warning labels from the subject aluminum pan; in selling the subject aluminum pan without the proper directions/warning label/instructions to lawful patrons including, but not limited to Plaintiff herein.

8. Plaintiff alleges defendant had actual notice of the subject hazard in that the defendant caused and created the hazard – namely defendants and/or their agents herein removed the subject aluminum pan's warning label. Plaintiff alleges defendant had constructive notice of the subject hazard in that the defendant knew or should have known of the subject hazard.

9. Plaintiff alleges defendant had actual notice of the subject hazard in that the defendant caused and created the hazard – namely defendants and/or their agents herein removed the subject aluminum pan's warning label. Plaintiff also alleges defendant had actual notice of the hazard in that defendant knew of the hazard prior to the occurrence – namely that the subject aluminum pan was without warning label, but failed to remedy the same. Plaintiff is presently not in possession of the identity of actual notice witnesses but reserves the right to supplement and/or amend said response in comport with the CPLR.

10. Plaintiff alleges defendant had constructive notice of the subject hazard in that the defendant knew or should have known of the subject hazard. Plaintiff is presently not

in possession of the identity of constructive notice witnesses and/or the length of time the subject condition existed, but reserves the right to supplement and/or amend said response in comport with the CPLR.

11. Search of Public Records/Information.

12. Search of Public Records/Investigation.

13. Search of Public Records/Investigation.

14. Search of Public Records/Investigation.

15. Search of Public Records/Investigation.

16. Search of Public Records/Investigation.

17. Search of Public Records/Investigation.

18. Search of Public Records/Investigation.

19. Plaintiff, JOSEPH V. GERALDI, sustained the following serious personal injuries:

- 2nd and 3rd degree burns to left leg and foot – aforenoted requiring admission to burn unit of Staten Island University Hospital North for several days;
- Permanent Scarring;
- Permanent Disfigurement;
- Infection
    - Aforenoted requiring antibiotics;
- Skin Graft;
- Permanent Pain and Numbness;

All the aforementioned injuries listed are still present and on-going injuries/syndromes suffered by plaintiff. All of the aforementioned injuries,

manifestations and disabilities are associated with further soft tissue injury to the areas traumatically affected, including injury, tearing derangement and damage to the associated muscle groups, ligaments, tendons, blood vessels, blood supply, nerves and nerve tissue, soft tissue, all concomitant to the many portions mentioned hereinabove, with resultant pain, deformity and disability, stiffness, tenderness, weakness and partial restrictions and limitation of motion and pain on motion, and loss of use of the above mentioned parts, atrophy, anxiety and mental anguish, and all have substantially prevented this plaintiff from enjoying normal activities. Plaintiff's enjoyment of life has been permanently impaired, impeded and/or destroyed. Plaintiff may require further surgery regarding the aforementioned injuries.

20. See item number (19) above.

21. Plaintiff was confined to the burn unit of Staten Island University Hospital North for approximately one week immediately following the subject incident. Plaintiff has been confined to his bed and home intermittently since the subject incident and continuing.

22. Plaintiff was confined to the burn unit of Staten Island University Hospital North for approximately one week immediately following the subject incident.

23. Plaintiff was confined to the burn unit of Staten Island University Hospital North for approximately one week immediately following the subject incident. Pertinent authorizations previously provided under separate cover.

24. Plaintiff has been partially disabled since the date of the subject incident and continuing as a result of the subject incident.

25. Not applicable.

26. Not applicable.

27. Not applicable – Plaintiff was retired at the time of the subject incident.

28. Defendant and/or their agents removed any and all applicable warning labels/directions/instructions/rules/warnings prior to selling the subject aluminum pan to Plaintiff herein.

29. Special Damages

    a. Physicians' services……………..……………approximately $115,000.00
    b. Medical expenses……………….……………included in "a" above
    c. Nurses' expenses……………….……………included in "a" above
    d. Hospital expenses……………………………………….not applicable
    e. Additional Expenses
       - Future expenses……………………………………………..$75,000.00

    \* All figures provided above are approximate and continuing.
    Loss of earnings – Not applicable.

30. Upon information and belief, the collateral source for this incident is Medicare.

31. Plaintiff's date of birth is ███████████

32. Request for Social Security Number is an improper demand. *See Kupferberg v. State of New York*, 97 Misc.2d 519 (1978).

33. <u>Objection.</u> Statutes are not required to be specified in a Bill of Particulars unless they are raised in the complaint. *Sobel v. Midchester Jewish Center*, 52 AD2d 944 (App. Div. 2d Dept. 1976). No such violations are claimed in plaintiff's complaint. Additional provisions may be furnished upon completion of further discovery proceedings and the Court will take Judicial Notice of any an all applicable statutes/ordinances/rules etc. at the time of trial.

34. Medicare and United Health Care.

35. To be provided under separate cover if applicable.

36. Not applicable – Plaintiff is not a union member.

**PLEASE TAKE NOTICE** that Plaintiff reserves his right to amend and/or supplement this response prior to the time of trial.

Dated: New York, New York
December 1, 2020

*[signature]*

KRENTSEL & GUZMAN, LLP
By: Meredith A. Yevin, Esq.
Attorneys for Plaintiff
JOSEPH V. GERALDI
17 Battery Place, Suite 604
New York, New York 10004
(212) 227-2900

TO:

SCHNADER HARRISON SEGAL & LEWIS, LLP
Attorneys for Defendants
140 Broadway, Suite 3100
New York, New York 10005
(212) 973-8000

## ATTORNEY'S VERIFICATION

I, MEREDITH A. YEVIN, the undersigned, an attorney admitted to practice in the courts of New York State, state: I am an associate attorney with Krentsel & Guznan, LLP the attorneys for JOSEPH V. GERALDI, the plaintiff in the within action.

I have read the foregoing **Verified Bill of Particulars** and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by the plaintiff is that the plaintiff resides outside the county wherein I maintain my office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: information gathered in my file.

Dated:    New York, New York
          December 1, 2020

                                                    _____
                                                    MEREDITH A. YEVIN, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
---------------------------------------------------------------X
JOSEPH V. GERALDI,                                              Index No. 150575/2020

                              Plaintiff,        **PLAINTIFF'S RESPONSE**
                                                             **TO COMBINED**
                                                             **DEMANDS**
      -against-

DOLLAR TREE STORE AND DOLLAR TREE
STORE, INC.,

                              Defendants.
---------------------------------------------------------------X

       Plaintiff, JOSEPH V. GERALDI, by his attorney, KRENTSEL, GUZMAN & HERBERT, LLP, upon information and belief, as and for his Response to the Combined Demands of the defendant, respectfully alleges as follows:

### RESPONSE TO DEMAND FOR WITNESSES

Plaintiff is unaware of any witnesses to the occurrence other than his wife, but reserves the right to supplement this response should further information become available.

### RESPONSE TO DEMAND FOR STATEMENT

Upon information and belief, plaintiff is not in possession of any recorded or written statements.

### RESPONSE TO DEMAND FOR DAMAGES

Plaintiff seeks damages in the amount of $10,000,000.00.

### RESPONSE TO DEMAND FOR EMPLOYMENT AND SCHOOL RECORDS

Not applicable. Plaintiff was retired at the time of the subject incident and Plaintiff was not a student at the time of the subject incident.

### RESPONSE TO DEMAND FOR MEDICAL INFORMATION

Authorizations to obtain medical records are annexed hereto.

### RESPONSE TO DEMAND FOR COLLATERAL SOURCE INFORMATION

The collateral source for this accident is MEDICARE. Annexed hereto is an authorization permitting you to obtain the records from: MEDICARE and UNITED HEALTH CARE.

### RESPONSE TO DEMAND FOR INFORMATION REGARDING PRIOR AND SUBSEQUENT ACCIDENTS

Not applicable.

### RESPONSE TO DEMAND FOR MEDICARE INFORMATION

Upon information and belief Plaintiff is not a Medicare recipient.

### RESPONSE TO DEMAND FOR PHOTOGRAPHS

Provided under separate cover.

### RESPONSE TO DEMAND FOR ACCIDENT REPORTS

The only accident report plaintiff is aware of is the Police Accident Report, which is a matter of public record.

### RESPONSE TO DEMAND FOR EXPERT WITNESSES

Plaintiff has not yet retained the services of any expert witnesses at this time, but reserves the right to provide same upon retention.

### RESPONSE TO DEMAND FOR SOCIAL NETWORKING

Not applicable.

## RESPONSE TO DEMAND FOR WOKER'S COMPENSATION RECORDS

Not applicable.

## RESPONSE TO DEMAND FOR DISABILITY RECORDS

To be provided under separate cover.

## RESPONSE TO DEMAND FOR EMPLOYMENT AUTHORIZATIONS

Not applicable. Plaintiff is not making a claim for lost wages.

## RESPONSE TO DEMAND FOR EMPLOYMENT AUTHORIZATIONS

Objection. Plaintiff is not making a claim for lost wages.

## RESPONSE TO DEMAND FOR PRIOR LAW/SUBSEQUENT LAWSUIT

Objection. No subsequent lawsuit. Plaintiff's prior lawsuit bears index # 152198/2017 and is e-filed. No prior worker's compensation claims or disability claims. The date of Plaintiff's prior motor vehicle collision which is the subject of the above-referenced index # is September 1, 2017 and there was a No-Fault claim.

## RESPONSE TO DEMAND FOR CELLULASR PHONE AND SOCIAL NETWORKING RECOORDS

Objection. Not applicable.

Dated:    New York, New York
          December 1, 2020

_____
KRENTSEL & GUZMAN, LLP
By: Meredith A. Yevin, Esq.
Attorneys for Plaintiff
JOSEPH V. GERALDI
17 Battery Place, Suite 604
New York, New York 10004
(212) 227-2900

TO:

SCHNADER HARRISON SEGAL & LEWIS, LLP
Attorneys for Defendants
140 Broadway, Suite 3100
New York, New York 10005
(212) 973-8000