**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JOSEPH GERALDI,

        Plaintiff,

vs.

DOLLAR TREE STORE and DOLLAR
TREE STORE, INC.,

        Defendants.

Civil Action No.: 1:20-cv-046149-ERK-CLP

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS' DOLLAR TREE STORE AND DOLLAR
TREE STORE INC., FIRST SET OF INTERROGATORIES**

---

**KRENTSEL GUZMAN HERBERT, LLP**
By: Marcia Raicus
mraicus@kglawteam.com
*Attorneys for Plaintiff*
JOSEPH GERALDI
17 Battery Place, Suite 604
New York, New York 10004
Telephone: (212) 227-2900
Facsimile: (212) 227-3881

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          Docket #: 1:20-cv-046149-ERK-CLP
-------------------------------------------------------------------x

JOSEPH GERALDI,

                              Plaintiff,          **FED. R.C. P.26(a)(1)**
                                                  **Initial Disclosures**

          -against-

DOLLAR TREE STORE and DOLLAR TREE STORE,
INC.,

                              Defendants,
-------------------------------------------------------------------x

Plaintiff, JOSEPH GERALDI, by and through his attorneys, KRENTSEL GUZMAN

HERBERT, LLP., provide the following Disclosures pursuant to rule 26(a)(1) of the Federal Rules

of Civil Procedure:

Plaintiff's disclosures are based upon information presently available to plaintiff. Plaintiff

reserve the right to amend and/or supplement said disclosures as discovery continues.

Plaintiff does not represent that he is identifying every document, tangible thing or

witness possibly relevant to this lawsuit, and plaintiff does not waive his right to object to the

production of any document or tangible thing disclosed on the basis of any privilege, work

product doctrine, relevancy, undue burden and/or any other valid objection.

1. State Plaintiff's full name, present address and date of birth.

**Response:**     Joseph Geraldi. 414 Flint Street, Staten Island, NY 10306. February 5, 1953.

2. Describe in detail your version of the accident or occurrence setting forth the date,

location, time and weather.

**Response:**     The accident occurred on or about November 28, 2020 at approximately 10:00

a.m., within the premises located at 414 Flint Street, Staten Island, NY 10306.

3. Describe, in detail, the nature, extent and duration of any and all injuries.

**Response:** 2nd and 3rd degree burns to the left leg and foot.

4. Set forth a detailed description of injury or condition claimed to be permanent together with all present complaints.

**Response:** No prior determination made that is responsive to this interrogatory.

5. If confined to a hospital, state its name and address, and dates of admission and discharge.

**Response:** Plaintiff was confined to Staten Island Hospital North located at 475 Seaview Avenue, Staten Island, NY 10305 for approximately one (1) week immediately following the subject accident.

6. If any diagnostic tests were performed, state the type of test performed, name and address of placed where performed, date each test was performed and what each test disclosed. Attach a copy of test results.

**Response:** Not applicable. Plaintiff suffered burns and skin lacerations as a result of the Defendants negligence.

7. If treated by any healthcare provider, state the name and present address of each healthcare provider, the dates and places where treatment was received and the date of last treatment. Attach true copies of all written reports provided to you by any such healthcare provider whom you propose to have testify on your behalf.

**Response:** Enclosed are authorizations to obtain Plaintiff's medical records from Staten Island University Hospital North and Dr. Michael Cooper.

8.    If still being treated, state the name and address of each doctor or healthcare provider rendering treatment, where and how often treatment is received and the nature of the treatment.

**Response:**    Plaintiff is currently being treated with the following doctor; Dr. Michael Cooper of 500 Seaview Avenue, Staten Island, NY 10305.

9.    If a previous injury, disease, illness or condition is claimed to have been aggravated, accelerated or exacerbated, specify in detail the nature of each and the name and present address of each healthcare provider, if any, whoever provided treatment for the condition.

**Response:**    The plaintiff does not have any prior injury to his left foot or leg.

10.    If employed at the time of the accident, state:

    a.    name and address of employer;
    b.    position held and nature of work performed;
    c.    average weekly wages for past year;
    d.    amount of time lost from employment, giving dates;
    e.    amount of wages lost, if any.

**Response:**    Not applicable as the Plaintiff is retired.

11.    If other loss of income, profit or earnings is claimed:

    a.    State the total amount of the loss and state the nature and source of the loss of income, profit and earnings, and the dates of deprivation.

**Response:**    Not applicable.

12.    Itemize in complete detail any and all monies expended or expenses incurred for hospitals, doctors, nurses, diagnostic tests or healthcare providers, x-rays, medicines, care, appliances and state the name and address of each payee and the amount paid and owed each payee.

**Response:**    Plaintiff has incurred medical expenses as a result of the subject accident in the

amount of $115,000.00 and continuing. Such expenses were incurred as a result of the medical treatment for second and third degree burns that plaintiff sustained. Plaintiff anticipates to incur at least $75,000.00 in future medical expenses as a result of the subject accident.

13.        Itemize any and all losses or expenses incurred not otherwise set forth above.

**Response:**      Not applicable at this moment.

14.        State the names and addresses of all eye witnesses to the accident or occurrence, their relationship to you and their interest, if any, in this lawsuit.

**Response:**      Plaintiff is not in possession of any witness information at this time.

15.        State the name and address of all persons who were witnesses to any condition(s) which caused the accident or occurrence, their relationship to you and their interest, if any, in this lawsuit.

**Response:**      Plaintiff is not in possession of any witness information at this time.

16.        State the names and addresses of all persons who have any knowledge of any facts relating to this case.

**Response:**      Plaintiff is not in possession of any witness information at this time.

17.        If any photographs, videotapes, audiotapes or other forms of electronic recording, sketches, reproductions, charts or maps were made with respect to anything that is relevant to the subject matter of the Complaint, describe what they show and attach copies hereto.

**Response:**      Enclosed are all applicable photographs.

18.        If you claim that defendants made any admissions as to the subject matter of this lawsuit state: the exact nature of said admissions and, if in writing, attach a copy.

**Response:**      No person, to Plaintiff's knowledge, has given a written or recorded statement concerning the alleged injury that is the subject matter of this instant action.

19.      If you obtained a statement from any person not a party to this action, state: exact nature of said statement and, if in writing, attach a copy.

**Response:**   No person, to Plaintiff's knowledge, has given a written or recorded statement concerning the alleged injury that is the subject matter of this instant action.

20.      If you claim that the violation of any statute, rule, regulation or ordinance is a factor in this litigation, state the exact title and section.

**Response:  Acts or Omissions**

The defendants, DOLLAR TREE STORE and DOLLAR TREE STORE, INC. were negligent in the operation, maintenance and control of the subject aluminum pan; in negligently removing the warning label of the subject aluminum pan; in failing to properly display the warning label of the subject aluminum pan; in removing the warning label from the subject aluminum pan prior to sale; in removing any and all instructions/directions/warning labels from the subject aluminum pan; in selling the subject aluminum pan without the proper directions/warning label/instructions to lawful patrons including, but not limited to Plaintiff herein.

**Statutes**

Objection. Statutes are not required to be specified unless they are raised in the complaint. *Sobel v. Midchester Jewish Center,* 52 AD2d 944 (App. Div. 2d Dept. 1976). No such violations are claimed in plaintiff's complaint. Additional provisions may be furnished upon completion of further discovery proceedings and the Court will take Judicial Notice of any an all applicable statutes/ordinances/rules etc. at the time of trial.

21.      State the names and addresses of any and all proposed expert witnesses and attach true copies of all written reports provided to you by any such proposed expert witness.

      With respect to all expert witnesses, including treating physicians, who are

expected to testify at trial and with respect to any such person who has conducted an

examination, who may testify, state each witness's name, address, and area of expertise and

attach a true copy of all written reports provided to you. If a report is not written, supply a

summary of any oral report provided to you.

State the subject matter on which your experts are expected to testify.

State the substance of the facts and opinions about which your experts are

expected to testify and a summary of the grounds for each opinion.

**Response:** Plaintiff intends on relying upon the opinion of Vincent Ettari, P.E., a licensed engineer within the State of New York. A copy of Mr. Ettari's CV is appended hereto. Notwithstanding, Plaintiff reserves his right to amend, modify or supplement this Expert Disclosure(s) per the Scheduling Order and the FRCP.

**PLEASE TAKE NOTICE** that plaintiff reserves the right to supplement and/or amend

her Answer to Defendant United States of America's First Set of Interrogatories as further

information becomes available and/or in accordance with the CPLR and applicable case law.

Dated:  New York, New York
        April 19, 2021

_Maricia Raicus_

**KRENTSEL GUZMAN HERBERT, LLP**
By: Maricia Raicus
Attorneys for Plaintiff
JOSEPH GERALDI
mraicus@kglawteam.com
17 Battery Place, Suite 604
New York, New York 10004
Telephone: (212) 227-2900
Facsimile: (212) 227-3881

## CURRICULUM VITAE {Good Through 12/31/19 Only}

### Licenses and Certifications:

Fallout Shelter Survey Technician {Federal Emergency Management Agency}
Distribution Systems Operator {New York State Department of Health}
Expediter: Accorded Professional Status {N. Y. City Dept. of Buildings}
Licensed Professional Engineer {New York State Department of Education}

### Business:

9/87 to Present: Licensed Professional Engineer

Vincent A. Ettari, P.E., P.C., Consulting Engineers

Duties include the following:
- Design of Residential Conventional and Cluster Subdivisions
- Design of Residential, Commercial and Industrial Site Plans
- Design of Individual and Commercial Sanitary Waste Systems
- Design of Water Utility Lines and Water Mains
- Design of Septic Systems and Sewer Systems
- Design of Storm Water Drainage Systems
- Design of Retention and Detention Ponds
- Design of Bridges and Culvert Crossings
- Design of Soil Slopes, Cuts, and Excavations
- Design of Roads and Roadways (and Associated Lighting)
- Design of Exterior Means of Egress (Sidewalks, etc.)
- Design of Erosion Control for Construction Sites
- Design of Rock Cuts and Blasting Projects
- Design of Retaining Walls and of Dams
- Design of Marinas for Pleasure Craft
- Design of Dredging Operations and Works
- Design of Water Front Structures
- Design of Miscellaneous Structures
- Design of Houses and Commercial Buildings
- Design of Underground and Subsurface Chambers
- Design of Floor, Ceiling, and Roof Assemblies
- Design of Columns, Beams, Joists, Foundations and Footings
- Design of Elevators, Stairways, Ramps, and Means of Egress
- Installation of Communication Tower Foundations
- Preparation of Bid Documents and Bond Estimates
- Protection of Wetlands During Construction
- Determination of Flood Plain Boundaries
- Supervision of Erection of Scaffolds
- Supervision of Construction Sites
- Analysis of Storm Water Runoff
- Analysis of Drainage Basins
- House Inspections

9/86 to 9/87: Project Engineer

**Noviello and Associates, Consulting Engineers**

Duties included the following:
- Design of Residential, Commercial and Industrial Site Plans
- Design of Individual and Commercial Sanitary Waste Systems
- Design of Residential Conventional Subdivisions
- Design of Houses and Commercial Buildings
- Design of Storm Drainage Systems/Culverts
- Design of Water Utility Lines and Mains
- Design of Marinas for Pleasure Craft
- Design of Dams and Retaining Walls
- Design of Bridges
- House Inspections

9/85 to 9/86: Project Engineer

**J and E Associates**

Duties included the following:
- Design of Residential, Commercial and Industrial Site Plans
- Design of Individual and Commercial Sanitary Waste Systems
- Design of Water Utility Lines and Sewer Lines and Mains
- Design of Storm Drainage Systems and Small Bridges
- Design of Residential Conventional Subdivisions
- Design of Houses and Small Commercial Buildings
- Preparation of Bid Documents and Bond Estimates
- Design of Small Marinas for Pleasure Craft
- Design of Small Dams and Retaining Walls
- Determination of Flood Plain Boundaries
- House Inspections

7/81 to 9/85: Assistant Civil Engineer

**City of New York, Department of Environmental Protection, Bureau of Water Supply**

Duties included the following:
- Interagent with Department Personnel
- Testified as Expert Engineering Witness for the Department with Regard to Damages Caused by Water Main Breaks
- Conducted Hydrant Flow Tests
- Conducted System Gradient Studies to Determine Water Flow in Mains and Compute Present C Value of the Mains
- Computed Required Sizes for Water Services and Taps
- Relocation and Installation of Water Mains
- Shot Topography to Determine Elevations of Hydrants & Mains
- Reservoir Operations for New York City Reservoir System
- Worked with Water Distribution Systems
- Coordinated Manhattan Regulator Maintenance Crew
- Computed Water Consumption for Sections of New York City
- Engineering Economic Analysis in Determining Efficiency of Department Work Crews

**2/81 to 6/81: Construction Supervisor**

Construction Supervisor for 20,000 Square Foot Office
Building at 220 North Central Avenue, Hartsdale, New York

Duties included the following:
- Worked with Detailer in Changing Beam and Column Lengths
- Worked with Design Engineer on Structural Modifications
- Worked with Design Architect on Building Modifications
- Ensured that Steel and Concrete Were Properly Erected
- Took Bids and Coordinated Subcontractors
- Set up Work Schedules
- Surveyed Site

**9/80 to 2/81: Math and Calculus Teacher**

Academy of New Rochelle

Duties included the following:
- Mathematics Teacher for Grades 8-12

**5/79 to 3/80: Engineering Technician**

Manhattan College

Duties included the following:
- Supervised and Coordinated Confidential Project Exploring
  the Effects of Various Chemical Compounds and Heavy Metal
  Sludges on the Curing and Strength of Concrete

Education:

Manhattan College, Riverdale, New York
Bachelor of Civil Engineering (1980)
- Class Rank 98 out of 326, 3.164 GPA
- Completed Four Year Degree in Three Years
- Dean's List for 3 of the 6 Semesters
- Led Research Project for the Department of Civil Engineering
- Editor and Writer for School Science Journal, "The Manhattan
  Scientist"
- Hosted Radio Talk Show on Earth Science
- Student Member of the American Society of Civil Engineers
- Student Member of New York Water Pollution Control Assoc.
- Assisted in Publication of Journal for New York Water
  Pollution Control Association, "Clear Water"

Honors:

- Chi Epsilon Civil Engineering National Honor Society
- Manhattan College Dean's List - Three Semesters
- National Spanish Honor Society
- National Honor Society, Thomas Moore Chapter.
- Eagle Scout
- Ad Altare Dei Award

## Professional Memberships:

- International Conference of Building Officials (ICBO)
- American Institute of Steel Construction (AISC)
- American Concrete Institute (ACI)
- American Wood Council (AWC)
- National Fire Protection Association (NFPA)
- American Water Works Association: Operations Member (AWWA)
- American Society of Civil Engineers (ASCE)
- Westchester Municipal Planning Federation
- Yorktown Chamber of Commerce

## Engineering Services to Municipalities:

2001  Consultant to Village of Brewster Concerning the condemnation of the Multiple Residence Located at 8 Hoyt Street. Report Filed With the New York State Supreme Court, County of Putnam.

## Technical Computer Training:

2003  Haestad Methods Certified A+ Modeler for Water Distribution Systems: WATERCAD for Water Distribution Systems.

## Articles and Publications:

2006  The New York Real Estate Journal, March 21 - 27, 2006: "Obtain the Necessary Permits and Do Your Homework Before Closing On A Property You Hope to Develop"

2006  The New York Real Estate Journal, June 20 - 26, 2006: "Does Your Site Have Excessive Slopes? What To Consider When Developing Land With Steep Slopes" (Part I)

2006  The New York Real Estate Journal, July 18 - 24, 2006: "Does Your Site Have Excessive Slopes? What To Consider When Developing Land With Steep Slopes" (Part II)

2006  The New York Real Estate Journal, July 18 - 24, 2006: "Does Your Site Have Excessive Slopes? What To Consider When Developing Land With Steep Slopes" (Part III)

2008  The New York Real Estate Journal, December 30, 2008 - January 12, 2009: "Are You Contemplating Subdividing a Parcel of Land? Then You Should Know About the Design and Installation of Water Mains" (Part I)

2009  The New York Real Estate Journal, January 27, 2009 - February 9, 2009: "Are You Contemplating Subdividing a Parcel of Land? Then You Should Know About the Design and Installation of Water Mains" (Part II)

2009   The New York Real Estate Journal, February 24, 2009 – March 9, 2009: "Are You Contemplating Subdividing a Parcel of Land? Then You Should Know About the Design and Installation of Water Mains" (Part III)

2009   The New York Real Estate Journal, March 10, 2009 – March 23, 2009: "Are You Contemplating Subdividing a Parcel of Land? Then You Should Know About the Design and Installation of Water Mains" (Part IV)


## Engineering Courses Taught (New York State Approved Continuing Education Courses for Licensed Professional Engineers):

- Design and Installation Criteria for Water Supply Mains: This course presented the following topics: Standards and Codes which regulate the Design and Installation of Water Mains (Ten States Standards, etc.); Requirements of the Industrial Code Rule 23 for Safety on Construction Sites during Excavation Operations; Industrial Code Rule 753 – Required Code 53 Notifications before Digging, Boring, or Auguring; Types of pipe used as Water Mains; Location of Subsurface Utilities: Location and Reading of As-Built Records for Existing Utilities; Subsurface Exploration: Locating Depth to Ground Water and Bedrock; Design of the Water Main Pipes: Sizing of the Pipes for the new Water Main System, Fire Flows, Location of Valves, Location of Hydrants and Regulators, Generation of Plans and Profiles, Minimum Required Working and Residual Pressure in the System, Required Separation Distances between Water Main Pipes and the Pipes of the other Utility Systems; Installation of Water Main Pipes: Bedding and Backfill Material, Cover and Frost Protection, Water Crossings, Shoring of Excavation to prevent collapse of Trench Sides, Protection of Workers and Surrounding Structures and Existing Utility Lines, Installation of the Water Mains, Installation of Thrust Blocks, Pressure Testing of the new Pipes, Disinfection of the New Pipes.

- Computation of Storm Water Runoff and the Design & Installation Criteria for Storm Water Mains, Drainage Culverts, and Storm Water Retention Facilities: This course presented both the SCS Method and the Rational Method for the computation of Stormwater Runoff from Land Surfaces and Watersheds.

- Design of Site Plans – Part 1: This course presented the following topics: Municipal Code Requirements for Site Plans; Generation of Topographic Maps; Design of Grading Plans and the Setting of Proposed Slopes; Determination and Plotting of the Locations of Wells, Septic Systems, Flood Plains, and Wetlands; and the Design of Retaining Walls.

▪ Design of Site Plans - Part 2: This course presented the following topics: Municipal Code Requirements for Site Plans; Generation of Topographic Maps; Application of Zoning Rules to the Setting of Buildings on Non-Residential Sites; Design of Parking Lots for Commercial & Industrial Buildings (Setting Grades of Parking Lots, Layout of Parking Spaces, Design of Loading Areas, Design of Curbs, Design of Pedestrian Means of Egress and Means of Egress for Handicapped Persons, Structural Loads, etc.); Design of Access Drives for Commercial and Industrial Buildings (Setting Grades & Slopes, Design of Horizontal and Vertical Curves, Design of Curbs, Structural Loads, etc.); Design of Parking Lots and Access Drives to Accommodate Snow & Ice Removal and Storage during Winter Months.

▪ Design of New Low-Rise Commercial, Mercantile, And Office Buildings - Part 1: This course presented the following topics: Applicability and Requirements of the New York State Building Code, the New York City Building Code, and the International Building Code; Supplemental Regulations for Building Construction adopted by Municipalities located in New York State; the Grandfather Clause; Applicability and Use of Reference Standards; Preliminary Site Planning Issues; Design of Means of Egress for Handicapped and Non-Handicapped Persons (Stairs, Ramps, etc.); Determination of the Point and the Uniform Live Loads; Determination of the Weight and Dead Loads of the Structure; Determination and Computation of the Environmental Loads on the Structure; Loads which Cabinetry must be able to Support; Loads which Grab-bars, Handrails and Guardrails must be able to Support; Loads which Sidewalks and Driveways must be able to Support; Loads which Decks and Railings must be able to Support.

▪ Design of New Low-Rise Commercial, Mercantile, And Office Buildings - Part 2: This course provided in-depth discussions concerning the following topics: Applicability and Requirements of the New York State Building Code, the New York City Building Code, and the International Building Code; Supplemental Standards for Building Construction adopted by Municipalities located in New York State; Applicability and Use of Reference Standards; Determination of Point and Uniform Live Loads; Determination of the Weight and Dead Loads of the Structure; Determination and Computation of the Environmental Loads on the Structure; Computation of Balanced Snow Load, Snow Drift Load, Snow Slide Load, and Rain on Snow Load; Loads which Cabinetry must be able to Support; Loads which Handrails and Guardrails must be able to Support; Loads which Sidewalks and Driveways must be able to Support; Loads which Decks and Railings must be able to Support; Application of Ultimate Strength Design and Allowable Stress Design to the Design of Structural Elements; Analysis and Design of Roof Rafters, Ceiling Joists, Floor Systems, Beams, Columns, Walls and Footings; Design of Structural Steel, Wood, and Reinforced Concrete Structural Elements

- Design of New Low-Rise Places Of Public Assembly - Part 1: This course presented the following topics: Applicability and Requirements of the New York State Building Code, the New York City Building Code, and the International Building Code; Supplemental Regulations for Building Construction adopted by Municipalities located in New York State; the Grandfather Clause; Applicability and Use of Reference Standards; Preliminary Site Planning Issues; Design of Means of Egress for both Handicapped and Non-Handicapped Persons (Stairs, Ramps, etc.); Determination of the Point and the Uniform Live Loads; Determination of the Weight and Dead Loads of the Structure; Determination and Computation of the Environmental Loads on the Structure; Loads which Cabinetry must be able to Support; Loads which Grab-bars, Handrails and Guardrails must be able to Support; the Loads which Sidewalks and Driveways must be able to Support; Loads which Decks and Railings must be able to Support.

- Design of New Low-Rise Places Of Public Assembly - Part 2: This course provided in-depth discussions concerning the following topics: Applicability and Requirements of the New York State Building Code, the New York City Building Code, and the International Building Code; Supplemental Standards for Building Construction adopted by Municipalities located in New York State; Applicability and Use of Reference Standards; Determination of Point and Uniform Live Loads; Determination of the Weight and Dead Loads of the Structure; Determination and Computation of the Environmental Loads on the Structure; Computation of Balanced Snow Load, Snow Drift Load, Snow Slide Load, and Rain on Snow Load; Loads which Cabinetry must be able to Support; Loads which Handrails and Guardrails must be able to Support; Loads which Sidewalks and Driveways must be able to Support; Loads which Decks and Railings must be able to Support; Application of Ultimate Strength Design and Allowable Stress Design to the Design of Structural Elements; Analysis and Design of Roof Rafters, Ceiling Joists, the Floor Systems, Beams, Columns, Walls and Footings; Design of Structural Steel, Wood, and Reinforced Concrete Structural Elements



OCA Official Form No.: 960

# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
## [This form has been approved by the New York State Department of Health]

| Patient Name:<br>**JOSEPH GERALDI** | Date of Birth:<br>**02/05/1953** | Social Security Number:<br>**XXX-XX -8488** |
|---|---|---|
| Patient Address:<br>**414 Flint Street, Staten Island, NY, 10306** | | |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the persons(s) indicated in Item 8.

2. If I am authorizing the release of HIV related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have a right to request a list of people who may receive or use my HIV related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of human rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

| 7. Name and address of health provider or entity to release this information:<br>**Dr. Michael Cooper; 500 Seaview Avenue, Staten Island, NY, 10305** |
|---|

| 8. Name and address of person(s) or category of person to whom this information will be sent:<br>**Schnader Harrison Segal & Lewis, LLP; 140 Broadway, Suite 3100, New York, NY, 10005** |
|---|

9(a). Specific information to be released:

[ ] Medical Record from (insert date) _____ to (insert date) __Present____

[X] Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.

[ ] Other: _____

_____

Include: (*Indicate by Initialing*)

~~Alcohol/Drug Treatment~~
~~Mental Health Information~~
~~HIV-Related Information~~

**Authorization to Discuss Health Information**

(b) [ ] By initialing here _____ I authorize _____

Initials                                                    Name of individual health care provider

to discuss my health information with my attorney, or a governmental agency, listed here:_____

(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>[ ] At request of individual<br>[X] **Other: Litigation** | 11. Date or event on which this authorization will expire:<br><br>**At The Termination Of This Matter** |
|---|---|
| 12. If not the patient, name of person signing form:<br>**Krentsel Guzman Herbert, LLP; Jason T. Herbert, Esq.** | 13. Authority to sign on behalf of patient:<br>**Power of Attorney** |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

Date: __4/19/21__

Signature of patient or representative authorized by law

**\*Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.**



OCA Official Form No.: 960

# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
## [This form has been approved by the New York State Department of Health]

| Patient Name: JOSEPH GERALDI | Date of Birth: 02/05/1953 | Social Security Number: XXX-XX -8488 |
|---|---|---|
| Patient Address: 414 Flint Street, Staten Island, NY, 10306 | | |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1.  This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a).  In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the persons(s) indicated in Item 8.

2.  If I am authorizing the release of HIV related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law.  I understand that I have a right to request a list of people who may receive or use my HIV related information without authorization.  If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of human rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5.  Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6.  **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
**Staten Island University Hospital North; 475 Seaview Avenue, Staten Island, NY, 10305**

8. Name and address of person(s) or category of person to whom this information will be sent:
**Schnader Harrison Segal & Lewis, LLP; 140 Broadway, Suite 3100, New York, NY, 10005**

9(a).  Specific information to be released:
[ ] Medical Record from (insert date) _____ to (insert date) _Present_____
[X] Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
[ ] Other: _____

_____

Include: (*Indicate by Initialing*)
Alcohol/Drug Treatment
Mental Health Information
HIV-Related Information

**Authorization to Discuss Health Information**
(b) [ ]  By initialing here _____ I authorize     _____
                        Initials                               Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:_____
                                                               (Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information: [ ] At request of individual [X]  Other: Litigation | 11. Date or event on which this authorization will expire: **At The Termination Of This Matter** |
|---|---|
| 12. If not the patient, name of person signing form: **Krentsel Guzman Herbert, LLP; Jason T. Herbert, Esq.** | 13. Authority to sign on behalf of patient: **Power of Attorney** |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_____           Date: __4/19/2(__

Signature of patient or representative authorized by law
\*Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.































<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have caused a true and correct copy of the attached letter PLAINTIFF'S DISCLOSURES PURSUANT TO RULE 26(a)(1) dated April 15, 2021, to be served on Defendants by depositing same with the United States Postal Service, first class mail, postage prepaid to:

Gary N. Smith, Esq.
SCHNADER HARRISON SEGAL & LEWIS, LLP
Attorneys for Defendants
140 Broadway, Suite 3100
New York, New York 10005
(212) 973-8000

Dated: New York, New York
       April 15, 2021

Marcia Raicus, Esq

Docket No.: 1:20-cv-046149-ERK-CLP

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

=================================================

**JOSEPH GERALDI**
**Plaintiff,**

**-against-**

**DOLLAR TREE STORE and DOLLAR TREE STORE, INC.,**
**Defendants.**

=================================================

**PLAINTIFF'S DISCLOSURES PURSUANT TO RULE 26 (A) (1)**

=================================================

**KRENTSEL & GUZMAN, LLP.**
**Attorneys for : Plaintiff(s)**
**Office and Post Office Address, Telephone**
**17 Battery Place – Suite #604**
**New York, New York 10004**
**(212) 227-2900**

=================================================

**To**
**Attorney(s) for**

=================================================

**Service of a copy of the within**
**is hereby admitted.**
**Dated,**

_____

**Attorney(s) for**

=================================================

**PLEASE TAKE NOTICE:**
☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within name court on                    20
☐ **NOTICE OF SETTLEMENT**
that an order                                        of which the within is a true copy
will be presented for settlement to the HON.                    one of the judges of the
within named Court, at
on                    20                    at                    M.
**Dated,**
**Yours, etc.**
**KRENTSEL & GUZMAN, LLP.**

=================================================